## BAKER *versus* CARLETON & al.

In a disclosure upon a poor debtor's bond, the father of the debtor, being objected to by the creditor, is incompetent to act as one of the justices of the peace and quorum.

But, if the debtor take the prescribed oath before two such justices, of whom his father is one, the damage for the breach of the bond is to be assessed under the provisions of the statute of 1848, c. 85.

DEBT on a poor debtor's relief-bond.

The debtors took the oath prescribed by the statute before two justices of the peace and quorum, one of whom was their father. He was selected by them, and was objected to by the plaintiff.

If that proceeding constitutes a defence, the plaintiff is to be nonsuited. Otherwise the defendant is to be defaulted, with damages according to law, to be adjudged by the court.

*N. H. Hubbard,* for plaintiff.

One of the justices was interested. Consequently the pro-

ceedings were invalid, and the plaintiff is entitled to a judgment according to the R. S. c. 148, § 39, unless he is to be restricted by the Act of August 11, 1848.

The defendants do not bring themselves within the provisions of the Act of 1848, they not having " been allowed by two justices of the peace and quorum to take," &c. according to the provisions of the second section of said Act.

When the statute speaks of " two justices of the peace and quorum," it intends such justices as are not disqualified by statute. *Bramhall* v. *Seavey*, 28 Maine, 45.

———— ———— for defendants.

The bond has been literally complied with. But, if the court consider it to have been broken, *actual* damage only can be assessed. R. S. c. 115, § 78; *Daggett* v. *Bartlett*, 22 Maine, 227; *Rider* v. *Thompson*, 23 Maine, 244; *Ware* v. *Jackson*, 24 Maine, 166.

In *Niel* v. *Ford*, 21 Maine, 440, it was decided, that the justices had no jurisdiction. Yet the statute relieved as to damage. The other cases cited are to the same effect.

It was for giving relief in cases like this, that the Act of 1848 was passed. *Call* v. *Barker*, 28 Maine, 319.

TENNEY, J., orally. — In *Bard* v. *Wood*, 30 Maine, 155, it was decided that a justice holding the relationship of uncle to both of the parties, was disqualified to sit in the hearing of the disclosure. The question as to the effect of one of the justice's incompetency, has often been before the court ; and it has been supposed that the statute of 1848, chap. 85, was intended to embrace all such cases.

In this case the bond has been broken, and the damages are to be assessed according to the provisions of that statute. The only light we have on this subject is furnished by the statement filed in the case, from which it appears, that the principal debtors were worthless, and that the oath prescribed in Revised Statutes, chap. 148, sect. 28, was administered to them.

The plaintiff is entitled to judgment for one cent damages, and one-fourth of a cent costs.

*Defendants defaulted.*